**B201A (12/09)**



**Blumberg**Excelsior, Inc., Publisher, NYC 10013

# NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumerdebts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly thepurposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs youabout bankruptcy crimes and notifies you that the Attorney General may examine all information you supply inconnection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seekthe advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Courtemployees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. Inorder to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires thatyou notify the court of any changes in your address. If you are filing a joint case (a single bankruptcy case for twoindividuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, youand your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy ofall notices.

1. <u>**Services Available from Credit Counseling Agencies**</u>

   **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who filefor bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunitiesfor credit counseling and provides assistance in performing a budget analysis.**
   The briefing must be given within 180 days before the bankruptcy filing. The briefing may be provided individually or in a group (includingbriefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and creditcounseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcycourt has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a jointcase must complete the briefing.

   **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.**

2. <u>**The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**</u>

   <u>**Chapter 7:**</u>  **Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

   Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existingdebts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determinewhether the case should be permitted to proceed under chapter 7. If your income is greater than the median incomefor your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), thetrustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of theCode. It is up to the court to decide whether the case should be dismissed.

   Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee mayhave the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds topay your creditors.

   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are

B201A (12/09)



**Blumberg** Excelsior, Inc., Publisher, NYC 10013

Notice to consumer debtor(s)

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:    Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:    Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:    Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.    Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

WARNING: Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B201B (12/09)



**Blumberg**Excelsior, Inc., Publisher, NYC 10013

# United States Bankruptcy Court

In re:  Bushnell, Bonnie L.                     Case No.

                                                Chapter     7

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____        _____

Printed name and title, if any, of Bankruptcy Petition        Social Security number (If the bankruptcy petition
Preparer Address:                               preparer is not an individual, state the Social Security
                                                Number of the officer, principal,  responsible person, or
_____        partner of the bankruptcy petition preparer.) (Required by
                                                11 USC  § 110).
X _____

Signature of Bankruptcy Petition Preparer or
officer,principal, responsible person, or partner whose
SocialSecurity number is provided above.

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the BankruptcyCode.

X /s/ Bonnie Bushnell
_____        X _____
  Bushnell, Bonnie L.

Date:  01/17/2012
_____

Instructions: Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) only if the certification has NOT been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by thedebtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcypetition preparers on page 3 of Form B1 also include this certification.

**Form B1, p.1 (04/10)**   Blumberg Excelsior, Inc., Publisher, NYC 10013

| United States Bankruptcy Court | Voluntary Petition |
|---|---|
| Northern **District of** Illinois | |

| Name of Debtor (if individual, enter Last, First, Middle): <br> Bushnell, Bonnie L. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the debtor in the last 8 years (include maiden and trade names): | All Other Names used by the joint debtor in the last 8 years (include maiden and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): 9531 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City and State): <br> OS 560 Forest Street <br> Winfield, IL 60190    ZIP CODE | Street Address of Joint Debtor (No. & Street, City and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business: <br> Dupage | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

**Type of Debtor (Form of Organization)**
(Check one box)
- ☒ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Tax-Exempt Entity**
(Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code *(the Internal Revenue Code).*

**Nature of Business**
(Check all applicable boxes)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. §101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed**
(Check one box)
- ☒ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (check one box)
- ☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee Waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
**Check one box:**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300.

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
THIS SPACE FOR COURT USE ONLY
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds for distribution to unsecured creditors

| Estimated number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Form B1, p.2 (04/10)                        **Blumberg**Excelsior, Inc., Publisher, NYC 10013

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Bushnell, Bonnie L. |

| **All prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed: | Case Number | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 134 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.   I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code. |
| ☐ Exhibit A is attached and made part of this petition. | /s/ Gerald Rinella                                    01/17/2012 |
| | Signature of Attorney for Debtor(s).                Date: |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a seperate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made part of this petition.

**Information Regarding the Debtor-Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business, or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this district.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

Name of landlord that obtained judgment:

Address of landlord:

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. & 362(1)).

Form B1, p.3 (04/10)    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Bushnell, Bonnie L. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code.

I request relief in accordance with the chapter title 11, United States Code, specified in this petition.

X  /s/ Bonnie Bushnell
_____
Signature of Debtor

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

_____  01/17/2012
_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correc, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by §1515 of title 11 are attached.

☐  Pursuant to §1511 of title 11, United States Code, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

01/17/2012
Date

### Signature of Attorney

X  /s/ Gerald Rinella
_____
Signature of Attorney for Debtor(s)
Printed Name of Attorney for Debtor(s)
Gerald Rinella
Firm Name

Address
1410 E. Rosita Drive
Palatine, IL 60074
Telephone Number
847-359-4800
Date 01/17/2012
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor(Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X_____
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date 01/17/2012

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this coument and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor as required in that section. Official Form 19B is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. §110.)
Address

X _____
Date 01/17/2012
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Official Form B1, Exhibit C, 9-01   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT     Northern **DISTRICT OF** Illinois

In re: Bushnell, Bonnie L.                    Debtor(s)    Case No.                (If known)

*EXHIBIT"C"  If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.*

## EXHIBIT "C" to Voluntary Petition

1.  Identify and briefly describe all real or personal property owned or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if neccessary):

None.

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

None.

Form B1, Exhibit D (12/09) Page 1   Blumberg Excelsior, Publisher, N Y C  10013

# UNITED STATES BANKRUPTCY COURT

Northern **District of** Illinois

In re Bushnell, Bonnie L.                                          Case No.

Debtor(s)                                                              (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

Bushnell, Bonnie L.

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose any filing fee you paid, and your creditors will be able to resume collection activities agaist you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

Form B1, Exhibit D (12/09) Page 2    BlumbergExcelsior, Publisher, NYC 10013

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4)as physically impaired to the extent of being unable, after reasonable effort, to participate a credit counseling briefing in person. by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /s/ Bonnie Bushnell

Bushnell, Bonnie L.

Date: 01/17/2012

Form B6 SUM  (12/07)   Brumberg Excelsior, Inc.; Publisher; NYC 10013

# UNITED STATES BANKRUPTCY COURT   Northern   DISTRICT OF   Illinois

In re: Bushnell, Bonnie L.

Debtor(s)   Case No.
Chapter

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I and J in  the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data"  if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (Yes/No) | Number of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | x | 1 | 215000.00 | | |
| B - Personal Property | x | 6 | 4500.00 | | |
| C - Property Claimed as Exempt | x | 1 | | | |
| D - Creditors Holding Secured Claims | x | 1 | | 277259.15 | |
| E - Creditors Holding Unsecured Priority Claims | x | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | x | 2 | | 32,557.19 | |
| G - Executory Contracts and Unexpired Leases | x | 1 | | | |
| H - Codebtors | x | 1 | | | |
| I  - Current Income of Individual Debtor(s) | x | 1 | | | 1731.66 |
| J - Current Expenditures of Individual Debtor(s) | x | 1 | | | 5029.25 |
| Total Number of Sheets of All Schedules | | 16 | | | |
| Total Assets | | | 219500.00 | | |
| Total Liabilities | | | | 309816.34 | |

Form B6, S2, (12/07)          **Blumberg** Excelsior, Inc., Publisher, NYC 10013

## United States Bankruptcy Court

Northern **District Of** Illinois

In re: Bushnell, Bonnie L.

Debtor(s)   Case No.

Chapter   7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $          0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $          0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) | $          0.00 |
| Student Loan Obligations (from Schedule F) | $          0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $          0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $          0.00 |
| TOTAL | $          0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I Line 16) | $     1,731.66 |
| Average Expences (from Schedule J, Line 18) | $     5,029.25 |
| Current Monthly Income (from Form 22A Line 12; **OR** Form 22B Line 11; **OR,** Form 22C Line 20) | $     2,355.86 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "Unsecured Portion, IF ANY" column | | $     62,259.15 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY, IF ANY" column | $          0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $          0.00 |
| 4. Total from Schedule F | | $     32,557.19 |
| 5. Total from non-priority unsecured debt (sum of 1, 3, and 4) | | $     94,816.34 |

**The foregoing information is for statistical purposes only under 28 U.S.C § 159.**

**Form B6 A  (12/07)**     **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:Bushnell, Bonnie L.                                    Debtor(s)  Case No.                          (if known)

## SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| primary residence of debtor consisting of single family house located at OS 560 Forest St., Winfield, IL 60190 | an undivided one half interest as tenant by entirety | J | 215,000.00 | 277,259.15 |
|  |  | Total -> | $215,000.00 | (Report also on Summary of Schedules) |

**Form B6 B  (12/07)**   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Bushnell, Bonnie L.                                    Debtor(s)    Case No.                      (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 01 Cash on hand | | none | | 0.00 |
| 02 Checking savings or other financial accounts certificates of deposit or shares in banks savings and loan thrift building and loan and homestead associations or credit unions brokerage houses or cooperatives. | | checking account #xxxx7391 with JP Morgan Chase | | 500.00 |
| 03 Security Deposits with public utilities telephone companies landlords and others. | | none | | 0.00 |
| 04 Household goods and furnishings including audio video and computer equipment. | | miscellaneous furniture including 3 piece sofa and chairs,10  year old Toshiba tv, dining room table and chairs, buffet and curio cabinets | | 2,500.00 |
| 05 Books; pictures and other art objects; antiques; stamp coin record tape compact disc and other collections or collectibles. | | none | | 0.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->          3,000.00

_____ Continuation sheets attached

**Form B6 B** **(12/07)**   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Bushnell, Bonnie L.                              Debtor(s)   Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 06  Wearing apparel. | | usual casual and work clothes, coats etc. | | 1,500.00 |
| 07  Furs and jewelry. | | none | | 0.00 |
| 08  Firearms and sports photographic and other hobby equipment. | | none | | 0.00 |
| 09  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | homeowners and auto insurance through Allstate; Voluntary group life insurance through Anthem Life with a death benefit of $60,000 | | 0.00 |
| 10  Annuities. Itemize and name each issuer. | | none | | 0.00 |
| 11  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1) Give particulars.(file separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | none | | 0.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)   Total ->   4,500.00

_____ Continuation sheets attached

**Form B6 B  (12/07)**  Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Bushnell, Bonnie L.                                    Debtor(s)   Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12 Interests in IRA ERISA Keogh or other pension or profit sharing plans. Give particulars. | x | IMRF pension from Dupage County | | |
| 13 Stock and interest in incorporated and unincorporated businesses. Itemize. | | none | | 0.00 |
| 14 Interest in partnerships or joint ventures. Itemize. | | none | | 0.00 |
| 15 Government and corporate bonds and other negotiable and non-negotiable instruments. | | none | | 0.00 |
| 16 Accounts receivable. | | none | | 0.00 |
| 17 Alimony maintenance support and property settlements to which the debtor is or may be entitled. Give particulars. | | none | | 0.00 |
| 18 Other liquidated debts owing debtor including tax refunds. Give particulars. | | none | | 0.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)  Total ->    4,500.00

_____ Continuation sheets attached

Form B6 B  (12/07)
Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Bushnell, Bonnie L.                                    Debtor(s)    Case No.                    (if known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19 Equitable or future interests life estates and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A of Real Property. | | none | | 0.00 |
| 20 Contingent and non-contingent interests in estate of a decedent death benefit plan life insurance policy or trust. | | none | | 0.00 |
| 21 Other contingent and unliquidated claims of every nature including tax refunds counterclaims of the debtor and rights to setoff claims. Give estimated value of each. | | none | | 0.00 |
| 22 Patents copyrights and other general intellectual property. Give particulars. | | none | | 0.00 |
| 23 Licenses franchises and other general intangible. Give particulars. | | none | | 0.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    4,500.00

_____ Continuation sheets attached

**Form B6 B  (12/07)**    Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Bushnell, Bonnie L.                                    Debtor(s)    Case No.                        (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24 Customer lists or compilations containing personally identifiable information (as defined in 11U.S.C. §101(41A)) provided by individuals connected with obtaining product or service from the debtor primarily for personal family or household purposes. | | none | | 0.00 |
| 25 Automobiles trucks trailers and other vehicles and accessories. | | none | | 0.00 |
| 26 Boats motors and accessories. | | none | | 0.00 |
| 27 Aircraft and accessories. | | none | | 0.00 |
| 28 Office equipment furnishings and supplies. | | none | | 0.00 |
| 29 Machinery fixtures equipment and supplies used in business. | | none | | 0.00 |
| 30 Inventory. | | none | | 0.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)    Total ->    4,500.00

_____ Continuation sheets attached

**Form B6 B** (12/07)   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re:  Bushnell, Bonnie L.                     Debtor(s)   Case No.                    (if known)

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | W H J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31 Animals. | | none | | 0.00 |
| 32 Crops-growing or harvested. Give particulars. | | none | | 0.00 |
| 33 Farming equipment and implements. | | none | | 0.00 |
| 34 Farm supplies chemicals and feed. | | none | | 0.00 |
| 35 Other personal property of any kind not already listed. Itemize. | | none | | 0.00 |
| | | | Total -> | 4,500.00 |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)

_____ Continuation sheets attached

**Form B6 C (04/10)**   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.                                    Debtor(s)  Case No.                    (if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:                    ☐ Check if debtor claims a homestead exemption that exceeds $146,450

☐ 11 U.S.C. § 522(b)(2)

☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| primary residence of debtor consisting of single family house located at OS 560 Forest St., Winfield, IL 60190 | 735 ILCS 5/12-901 Homestead | 0.00 | 215,000.00 |
| checking account #xxxx7391 with JP Morgan Chase | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |
| miscellaneous furniture including 3 piece sofa and chairs,10  year old Toshiba tv, dining room table and chairs, buffet and curio cabinets | 735 ILCS 5/12-1001(b) | 2,500.00 | 2,500.00 |
| usual casual and work clothes, coats etc. | 735 ILCS 5/12-1001(a) Wearing Apparel Bible School Books and Family Pictures | 1,500.00 | 1,500.00 |
| homeowners and auto insurance through Allstate; Voluntary group life insurance through Anthem Life with a death benefit of $60,000 | 215 ILCS 5/238 Life or Endowment Policies and Annuities Contracts | | 0.00 |
| IMRF pension from Dupage County | 40 ILCS 5/7-217 Municipal Retirement Fund | | |

Form B6 D  (12/07)                    Brumberg Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.                          Debtor(s)  Case No.

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBT | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTON AND MARKET VALUE OF PROPERTY SUBJECT OF LIEN | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY | C U D * |
|---|---|---|---|---|---|---|
| A/C #  9551 | | | VALUE $ | | | |
| American Home Mortgage Ser 1525 S. Belt Line Road Coppell, TX 75019 | | | claim incurred 4/24/06; first mortgage secured against OS 560 Forest St., Winfield, IL 60190; ALTERNATE ADDRESS | | | |
| A/C #  9551 | | W | VALUE $  215,000.00 | 277,259.15 | 62,259.15 | |
| American Home Mortgage Ser P.O. Box 619063 Dallas, Texas 75261-9063 | | | claim incurred 4/24/06; first mortgage secured against OS 560 Forest St., Winfield, IL 60190; primary residence | | | |
| A/C #  9551 | | | VALUE $ | | | |
| Asset Backed Securities Co 11 Madison Avenue, Basemen New York, New York 10010-3 | | | claim incurred 4/24/06; first mortgage secured against OS 560 Forest St., Winfield, IL 60190; ALTERNATE ADDRESS | | | |
| A/C #  9551 | | | VALUE $ | | | |
| U.S. Bank National Associa 60 Livingston Avenue St. Paul, MN 55107 | | | claim incurred 4/24/06; first mortgage secured against OS 560 Forest St., Winfield, IL 60190; ALTERNATE ADDRESS | | | |
| A/C #  9551 | | | VALUE $ | | | |
| U.S. Bank National Associa c/o Codilis & Associates, 15W030 N. Frontage Road, # Burr Ridge, IL 60527 | | | claim incurred 4/24/06; first mortgage secured against OS 560 Forest St., Winfield, IL 60190; ALTERNATE ADDRESS | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |
| A/C # | | | VALUE $ | | | |
| | | | | | | |

Subtotal ->
(Total of this page)    277,259.15    62,259.15

Total ->    277,259.15    62,259.15

_____  Continuation Sheets attached. (use only on last page of the completed Schedule D.)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

(If applicable, Report also on Statistical Summary of Certain Liabilities and Related Data.)

Form B6 E  (04/10)   Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L. _____   Debtor(s)  Case No. _____ (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[X] Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ] **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C § 507(a)(2).

[ ] **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $11,725 per employee, earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4)

[ ] **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ] **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to a maximum of $5775 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507(a)(6).

[ ] **Deposits by individuals**
Claims of individuals up to a maximum of $2425 for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7)

[ ] **Alimony, Maintenance, or Support**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative od such child, or a governmental unit whom such a domestic support claim was assigned to the extent provided in U.S.C. § 507(a)(7).

[ ] **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(7).

[ ] **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(8)

[ ] **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for deathe or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intocicated from using alcohol, a drug, or another substance 11 U.S.C.  § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NO. (See Instructions) | CO DEBT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY / AMT NOT ENTITLED TO PRIORITY, IF ANY | C U D * |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | Total -> | Total -> |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Subtotal -> (Total of this page) |  |  |

_____  Continuation Sheets attached.

(Use only on last page of the completed Schedule E.
(Report total also on Summary of Schedules.)   Total ->

(Use only on last page of the completed Schedule E.)   Total ->
If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.)

**Form B6 F (12/07)**   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.                    **Debtor(s)**        **Case No.**              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CO DEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 7447 <br><br> Capital One <br> P.O. Box 6492 <br> Carol Stream, IL 60197-64 | | W | revolving credit card account; claim incurred 2006 to present for miscellaneous household expenses | | 4,431.97 |
| 5892 <br><br> Capital One <br> P.O. Box 6492 <br> Carol Stream, IL 60197-64 | | W | revolving credit card account; claim incurred 2006 to present  for miscellaneous living expenses | | 3,815.69 |
| 9030 <br><br> Capital One <br> P.O. Box 6492 <br> Carol Stream, IL 60198-64 | | W | revolving line of credit; claim incurred 2006 to present for purchase of groceries, gasoline, medical co-pays, prescriptions | | 1,406.26 |
| 7270 <br><br> Chase <br> P.O. Box 15298 <br> Wilmington, DE 19850 | | | claim incurred 2006 to present; credit card account used for various living expenses including food, clothing, garden plants | | 5,520.46 |
| 6992 <br><br> Discover Card <br> P.O. Box 6103 <br> Carol Stream, IL 60197-61 | | | claim incurred from to ; credit card account used for clothing, gocieries, gasoline, furniture, ect. | | 7,660.82 |
| 6045 <br><br> GE Money Bank <br> P.O. Box 960061 <br> Orlando, FL 32896-0061 | | W | claim incurred approximately 2005 to present; purchase of siding for home | | 6,457.00 |

X   continuation sheets attached.

Subtotal $ 29,292.20

(Use only on last page of the completed Schedule F.)          Total $ 29,292.20

(Report total also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

**Form B6 F (12/07)**    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

**In re:** Bushnell, Bonnie L.                              **Debtor(s)**        **Case No.**                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See Instructions) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CUD | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| 1081 <br> Illinois  Collection SE <br> 8231 185th Street, Ste. 1 <br> Tinley Park, IL 60487 | | | claim incurred 2008; lithrotripsy treatment for kidney | | 152.00 |
| 6291 <br> JC Penny <br> P.O. Box 533 <br> Dallas, TX 75221 | | | claim incurred 2008 to present;  credit card account used for purchase of clothing, christmas gifts, birthday gifts, etc. | | 720.13 |
| 4037 <br> Target <br> P.O. Box 660170 <br> Dallas, TX 75266-0170 | | W | revolving credit card account; claim incurred 2006 to present for groceries, school clothes for granddaughter, gifts, misc. | | 2,392.86 |
| | | | | | |
| | | | | | |
| | | | | | |

_____ continuation sheets attached.

|  |  |  |
|---|---|---|
| | Subtotal | $  3,264.99 |
| | Total | $  32,557.19 |

(Use only on last page of the completed Schedule F.)
(Report total also on Summary of Schedules and,
if applicable, on the Statistical Summary of Certain
Liabilities and Related Data.)

**Form B6 G (12/07)**                    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.                          Debtor(s)   Case No.                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY, STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

**Form B6 H  (12/07)**    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re:    Bushnell, Bonnie L.                    Debtor(s)   Case No.              (if known)

# SCHEDULE H - CODEBTORS

☒  Check this box if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**Form B6 I  (12/07)**

Blumberg Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.                                    Debtor(s)  Case No.                    (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|
| Debtor's Marital Status<br>married | RELATIONSHIP | AGE |
| | | |
| | | |

| **Employment** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation clerk<br>Name of Employer Dupage County | | |
| How long employed 2 1/2 years | | |
| Address of Employer<br>501 N. County Farm Road<br>Wheaton, IL 60187 | | |

INCOME:  (Estimate of average monthly income at time case filed)

|  | DEBTOR | SPOUSE |
|---|---|---|
| 1.  Current monthly gross wages, salary,and commissions (pro rate if not paid monthly.) | 2355.85 | |
| 2.  Estimate monthly overtime | 44.50 | |
| 3.  SUBTOTAL | 2400.35 | 0.00 |
| 4.  LESS PAYROLL DEDUCTIONS | | |
| a.  Payroll taxes and social security | 343.13 | |
| b.  Insurance | 222.08 | |
| c.  Union dues | | |
| d.  Other (Specify) | | |
| IMRF pension | 103.48 | |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $    668.69 | $    0.00 |
| 6.  TOTAL NET MONTHLY TAKE HOME PAY | $  1731.66 | $    0.00 |
| 7.  Regular income from operation of business or profession or farm | | |
| (attach detailed statement) | 0.00 | |
| 8.  Income from real property | 0.00 | |
| 9.  Interest and dividends | 0.00 | |
| 10.  Alimony, maintenance or support payments payable to the debtor for the debtor's | | |
| use or that of dependents listed above. | 0.00 | |
| 11.  Social security or other government assistance (Specify) | 0.00 | |
| 12.  Pension or retirement income | 0.00 | |
| 13.  Other monthly income (Specify) | | |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | | |
| 15.  AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $  1731.66 | $    0.00 |
| 16.  COMBINED AVERAGE MONTHLY INCOME  (Combine column totals<br>from line 15; if there is only one debtor repeat total reported on line 15) | $  1731.66 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**Form B6 J (12/07)**   **Blumberg** Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.                                    Debtor(s) Case No.                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The monthly average income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

1. Rent or home mortgage payment  (include lot rented for mobile home)                                        $     2675.00
   a. Are real estate taxes included? ☒ Yes ☐ No    b. Is property insurance included? ☒ Yes ☐ No

2. Utilities  Electricity and Heating Fuel _____          200.00
   b. Water and Sewer _____          85.00
   c. Telephone _____          125.00
   d. Other
      cable                                                               200.00

3. Home maintenance (repairs and upkeep) _____
4. Food _____          500.00
5. Clothing _____          500.00
6. Laundry and dry cleaning _____
7. Medical and dental expenses _____          200.00
8. Transportation (not including car payments) _____          237.50
9. Recreation, clubs and entertainment, newspapers, magazines, etc. ____
10. Charitable contributions _____          100.00
11. Insurance (not deducted from wages or included in home mortgage payments)
    a. Homeowner's or renter's _____
    b. Life _____          46.75
    c. Health _____
    d. Auto _____          160.00
    e. Other

12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify)

13. Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan)
    a. Auto _____
    b. Other _____
    c. Other _____

14. Alimony, maintenance, and support paid to others _____
15. Payments for support of additional dependents not living at your home ____
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)
17. Other

18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules and,          $     5029.25
    if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

    a. Average monthly income from line 15 of Schedule I _____
    b. Average monthly expenses from Line 18 above _____
    c. Monthly net income (a. minus b.) _____          0.00

**Form B6 J  (12/07)**    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.                                Debtor(s)  Case No.                    (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The monthly average income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

1. Rent or home mortgage payment  (include lot rented for mobile home)                        $          2675.00

   a. Are real estate taxes included? ☒ Yes  ☐ No      b. Is property insurance included? ☒ Yes  ☐ No

2. Utilities  Electricity and Heating Fuel _____          200.00

   b. Water and Sewer _____          85.00

   c. Telephone _____          125.00

   d. Other

        cable                                                                              200.00

3. Home maintenance (repairs and upkeep) _____

4. Food _____          500.00

5. Clothing _____          500.00

6. Laundry and dry cleaning _____

7. Medical and dental expenses _____          200.00

8. Transportation (not including car payments) _____          237.50

9. Recreation, clubs and entertainment, newspapers, magazines, etc. _____

10. Charitable contributions _____          100.00

11. Insurance (not deducted from wages or included in home mortgage payments)

        a. Homeowner's or renter's _____

        b. Life _____          46.75

        c. Health_____

        d. Auto _____          160.00

        e. Other

12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify)

13. Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan)
        a. Auto _____
        b. Other _____
        c. Other _____

14. Alimony, maintenance, and support paid to others _____

15. Payments for support of additional dependents not living at your home _____

16. Regular expenses from operation of business, profession, or farm (attach detailed statement)

17. Other

18. TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules and,          $     5029.25

    if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

        a. Average monthly income from line 15 of Schedule I _____

        b. Average monthly expenses from Line 18 above _____

        c. Monthly net income (a. minus b.) _____          0.00

 Form 7 Stmt of Financial Affairs (04/10)    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

# STATEMENT OF FINANCIAL AFFAIRS
## UNITED STATES BANKRUPTCY COURT
### Northern DISTRICT OF Illinois

In re:  Bushnell, Bonnie L.

                                                    Debtor(s)   Case No.

## STATEMENT OF FINANCIAL AFFAIRS

   This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. Sec, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

   Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business with in the last 6 years, as defined below, also must complete Questions 19-25. If the answer to any question is "None" or the question is not applicable, mark the box labeled "None". If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINATIONS
   "In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, orowner of 5 percent or more of the voting or equity securities of a corporation; a partner other than a limited partner, of a partnership, a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

   "Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates or the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

NONE

## 01 INCOME FROM EMPLOYMENT OR OPERATION OF BUSINESS

   State the gross amount of income the debtor has received from employment trade or profession or from operation of the debtor's business including part-time activities either as an employee or in independent trade or business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the two years immediately preceding this calendar year.  (A debtor that maintains or has maintained financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCES |
|---|---|
| 1063.26 | year to date income from employment |
| 28007.40 | 2011 income from employment |
| 22346.00 | 2010 income from employment |

NONE

**02 INCOME OTHER THAN FROM EMPLOYMENT OR OPERATION OF BUSINESS**

State the amount of income received by the debtor other than from employment trade profession operation of the debtor's business during the two years immediately preceeding the commencement of this case.  Give particulars.  If a joint petition is filed state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

AMOUNT                     SOURCES

0.00                       None

NONE

## 03A PAYMENTS TO CREDITORS

List all payments on loans installment purchases of goods or services and other debts to any creditor made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

AMOUNT STILL           NAME AND ADDRESS OF CREDITOR       PAYMENT DATES          AMOUNT PAID
OWNING

NA

NONE

## 03B PAYMENTS TO CREDITORS

List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5850.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

AMOUNT STILL           NAME AND ADDRESS OF CREDITOR       PAYMENT DATES          AMOUNT PAID
OWNING

NA

NONE

## 03C PAYMENTS TO CREDITORS

List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NA

**04A SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS**

NONE

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT | NATURE OF PROCEEDING | COURT & LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| U.S. National Associations, as Trustee for Asset Backed SecuritiesCorporation Home Equity Loan Trust v. Bonnie Bushnell et al; case no. 11 CH 192 | foreclosure proceeding of primary residence at oS560 Forest Dr., Winfield, IL | Circuit Court of 18th Judicial District, Dupage County | pending |

NONE

**04B SUITS AND ADMINISTRATIVE PROCEEDINGS EXECUTION GARNISHMENTS AND ATTACHMENTS**

Describe all property that has been attached garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| DATE OF SEIZURE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | None. | |

NONE

**05 REPOSSESSIONS FORECLOSURES AND RETURNS**

List all property that has been repossessed by a creditor sold at a foreclosure sale transferred through a deed in lieu of foreclosure or returned to the seller within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| DATE OF REPOSSESSION,FORECLOSURE SALE, TRANSFER OR RETURN | NAME AND ADDRESS OF CREDITOR OR SELLER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | NA | |

NONE

**06A ASSIGNMENTS AND RECEIVERSHIPS**

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| DATE OF ASSIGNMENT | NAME AND ADDRESS OF ASSIGNEE | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|
| | NA | |

NONE

06B ASSIGNMENTS AND RECEIVERSHIPS

List all property which has been in the ands of a custodian receiver or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed unless spouses are separated and a joint petition is not filed.)

| DATE OF ORDER | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| | NA | | |

NONE

## 07 GIFTS

7List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| DATE OF GIFT | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR IF ANY | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| | NA | | |

NONE

## 08 LOSSES

List all losses from fire theft other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| DATE OF LOSS | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS |
|---|---|---|
| | NA | |

NONE

## 09 PAYMENTS RELATED TO DEBT COUNSELING OR BANKRUPTCY

List all payments made or property transferred by or on behalf of the debtor to any persons including attorneys for consultation concerning debt consolidation relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Gerald Rinella 1410 E. Rosita Drive, Palatine, IL 60074 | January 2012 | $406.00 |

NONE

**10A OTHER TRANSFERS**

List all other property other than property transferred in the ordinary course of the business or financial affairs of the debtor transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

NA

NONE

**10B OTHER TRANSFERS**

List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

NA

NONE

**11 CLOSED FINANCIAL ACCOUNTS**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed sold or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking savings or other financial accounts certificates of deposit or other instruments; shares and share accounts held in banks credit unions pension funds cooperatives associations brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| NA | | |

NONE

**12 SAFE DEPOSIT BOX**

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed unless the spouses are separated and a joint petition is not filed.)

| DATE OF TRANSFER OR SURRENDER, IF ANY | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAME AND ADDRESS OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS |
|---|---|---|---|
| | NA | | |

NONE
13 SETOFFS

List all setoffs made by any creditor including a bank against a debt or deposit of the debtor within 90 days preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

DATE OF SETOFF      NAME AND ADDRESS OF CREDITOR    AMOUNT OF SETOFF

NA

NONE
14 PROPERTY HELD FOR ANOTHER PERSON

List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER              DESCRIPTION AND VALUE   LOCATION OF PROPERTY
                                       OF PROPERTY

NA

NONE
15 PRIOR ADDRESS OF DEBTOR

If debtor has moved within three years immediately preceding the commencement of this case list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed report also any separate address of either spouse.

ADDRESS                                NAME USED               DATES OF OCCUPANCY

NA

NONE
X
16 SPOUSES AND FORMER SPOUSES

If the debtor resides or resided in a community property state commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NONE
17A ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice and if known the Environmental Law:

DATE OF NOTICE      SITE NAME AND ADDRESS           NAME AND ADDRESS OF      DESCRIPTION ENVIRONMENTAL LAW
                                                    GOVERNMENT UNIT

NA

NONE

## 17B ENVIRONMENTAL INFORMATION

List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| DATE OF NOTICE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENT UNIT | DESCRIPTION ENVIRONMENTAL LAW |
|---|---|---|---|
| | NA | | |

NONE

## 17C ENVIRONMENTAL INFORMATION

List all judicial or administrative proceedings including settlements or orders under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding and the docket number.

| DOCKET NUMBER | NAME AND ADDRESS OF GOVERNMENT UNIT | STATUS OR DISPOSITION |
|---|---|---|
| | NA | |

NONE

## 18A NATURE LOCATION AND NAME OF BUSINESS

If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner or managing executive of a corporation, partner in a partnership, sole proprietor or was self-employed in a trade, profession or other activity either full-or part-time within six years immediately preceding the commencement of this case or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case. List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.List the names addresses taxpayer identification numbers nature of the businesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all business in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the busiinesses and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| Tax ID# | NAME | BEGINNING AND ENDING DATES | ADDRESS | NATURE OF BUSINESS ADDRESS |
|---|---|---|---|---|
| | NA | | | |

NONE

## 18B NATURE LOCATION AND NAME OF BUSINESS

Identify any business listed in response to subdivision a. ,above, that is "single asset real estate" as defined in 11 U.S.C. Sec. 101.

| NAME | ADDRESS |
|---|---|
| NA | |



B8 (Official Form 8) (12/08)      **Blumberg** Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

In re     Bushnell, Bonnie L.                          Case No.
                                                       Chapter    7

### CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |
| American Home Finance | primary residence (real estate) |

Property will be (check one):

☐ Surrendered        ☒ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☐ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☒ Claimed as exempt        ☐ Not claimed as exempt

| Property No. 2    *(if necessary)* | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |
| | |

Property will be (check one):

☐ Surrendered        ☐ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☐ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☐ Claimed as exempt        ☐ Not claimed as exempt

| Property No. 3    *(if necessary)* | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |
| | |

Property will be (check one):

☐ Surrendered        ☐ Retained

If retaining the property, I intend to (check at least one):

☐ Redeem the property

☐ Reaffirm the debt

☐ Other, Explain

Property is (check one):

☐             ☐ Not claimed as exempt



B8 (Official Form 8) (12/08)    **Blumberg**Excelsior, Inc., Publisher, NYC 10013

**PART B -** Personal property subject to unexplained leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ **YES**    ☐ **NO** |

| Property No. 2   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ **YES**    ☐ **NO** |

| Property No. 3   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ **YES**    ☐ **NO** |

| Property No. 4   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ **YES**    ☒ **NO** |

| Property No. 5   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ **YES**    ☐ **NO** |

| Property No. 6   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ **YES**    ☐ **NO** |

| Property No. 7   *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | **Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):**<br>☐ **YES**    ☐ **NO** |

**I declare under penalty of perjury that the above indicated my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date:  01/17/2012

/s/ Bonnie Bushnell
_____
**Signature of Debtor**

_____
**Signature of Joint Debtor**

Blumberg Excelsior, Inc., Publisher, NYC 10013

**3085W Stmt of Comp.:**
**Rule 2016(b) (12-95)**

# UNITED STATES BANKRUPTCY COURT    Northern **DISTRICT OF** Illinois

In re: Bushnell, Bonnie L.                                       Debtor(s)  Case No.                    (if known)

## STATEMENT

**Pursuant to Rule 2016(b)**

The undersigned, pursuant to Rule 2016(b) Bankruptcy Rules, states that:

(1)  The undersigned is the attorney for the debtor(s) in this Case.

(2)  The compensation paid or agreed to be paid by the debtor(s) to the undersigned is:

    (a)  for legal services rendered or to be rendered in comtemplation of and in connection
        with this case                                                                       $         100.00
    (b)  prior to filing this statement, debtor(s) have paid                  $         100.00
    (c)  the unpaid balance due and payable is                          $           0.00

(3)  $ 306.00                     of the filing fee in this case has been paid.

(4)  The services rendered or to be rendered include the following:

    (a)  analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a
        petition under title 11 of the United States Code.
    (b)  preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
    (c)  representation of the debtor(s) at the meeting of creditors.

(5)  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services
    performed, and
    NA

(6)  The source of payments made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from
    earnings, wages and compensation for services performed, and
    NA

(7)  The undersigned has received no transfer, assignment or pledge of property except the following for the value stated:
    Na

(8)  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm,
    any compensation paid or to be paid except as follows:
    NA

**Dated:**                     **Respectfully submitted,**                     **Attorney for Petitioner**
1/21/12                       /s/ Gerald Rinella                    Gerald Rinella
**Attorney's name and address**
1410 E. Rosita Drive, Palatine, IL 60074

3092 - Verification of Creditor Matrix. 12/95   **Blumberg** Excelsior, Inc., Publisher, NYC 10013

# UNITED STATES BANKRUPTCY COURT

### Northern **DISTRICT OF** Illinois

**In re:** Bushnell, Bonnie L.

Debtor(s)

Case No.

Chapter   7

# VERIFICATION OF CREDITOR MATRIX

The above-named debtor(s) hereby verify that the attached list of creditors is true and correct
to the best of their knowledge.

Dated:   1/12/12

Debtor   /s/ Bonnie Bushnell
         Bushnell, Bonnie L.

Debtor   _____

 Federal Bankruptcy Cover (10/06)   **Blumberg** Excelsior, Inc., Publisher, NYC 10013

## Case No.

# United States Bankruptcy Court

### Northern **DISTRICT OF** Illinois

**In Re** Bushnell, Bonnie L. _____ Debtor(s)

## Chapter 7 _____

Last four digits of Soc. Sec. No./ Complete EIN or other Tax   9531 _____
I.D. No.(If more than one, state all): _____

# Petition, Schedules and
# Statement of Financial Affairs

Gerald Rinella

Attorney(s) for Petitioner
Office & Post Office Address & Telephone Numbe
1410 E. Rosita Drive
Palatine, IL 60074
847-359-4800

**REFERRED TO**

_____

_____

Clerk

_____
Date

Unsworn Declaration SFA   (04/10)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

In re: Bushnell, Bonnie L.

Debtor(s)   Case No.                    (if known)

# DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

DECLARATION UNDER PENALTY OF PERJURY

(If completed by an individual or individual and spouse) I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date 1/12/12                                  Signature /s/ Bonnie Bushnell _____
                                                          Bushnell, Bonnie L.

Date                                          Signature _____

                                             (if joint case, both spouses must sign.)

CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. §110)

Printed or Typed Name of Bankruptcy Petition Preparer         Social Security Number
                                                             (Required by U.S.C.§110(c)).

Address

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets confirming to the appropriate Official Form for each person.

X_____         1/12/12
  Signature of Bankruptcy Petition Preparer           Date
  *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.*

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the                                        (the president or other officer or an authorized agent of the corporation or a
member or an authorized agent of the partnership) of the                              (corporation or partnership)
named as debtor in this case, declare under penalty of perjury that I have read the foregoing statement of financial affairs, consisting of
                                             sheets, and that they are true and correct to the best of my knowledge, information, and belief.
  Continuation sheets attached

Date 01/17/2012                               Signature _____

                                             (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporatoin must indicate position or relationship to debtor.)

PENALTY FOR MAKING A FALSE STATEMENT OR CONCEALING PROPERTY
Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. §152 and
3571.

 **Form B6 Cont. (12-07)**    **Blumberg** Excelsior, Inc., Publisher, NYC 10013

In re: **Bushnell, Bonnie L.**
　　　　　　　　　　　　　　　　　　　　　　　Debtor(s)  Case No. ＿＿＿＿＿＿＿＿ (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __17__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
　　　　　　　　　　　　　　　　　　　　　　　　　(Total shown on summary page plus 2.)

Date __1/12/12__　　　　　　　Signature __/s/ Bonnie Bushnell_____
　　　　　　　　　　　　　　　　　　　Bushnell, Bonnie L.　　　　　　Debtor

Date_____　　　　Signature_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　(Joint Debtor, if any)

*(If joint case, both spouses must sign.)*

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See U.S.C. §110.)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Print or Type Name and Title, if any, of Bankruptcy Petition Preparer　　　Social Security No. (Required by
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　11 U.S.C. §110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address:

X_____　　　_____
　Signature of Bankruptcy Petition Preparer　　　　　　　Date

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person*

**A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. §110; 18 U.S.C. §156.**

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of
__17__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.
**(Total shown on summary page plus 1.)**

Date _____　　　　Signature _____
　　　　　　　　　　　　　　　　　　　　　　　　(Print or type name of individual signing on behalf of debtor.)

*(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)*

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years
or both. 18 U.S.C. §§ 152 and 3571.

B6 Cover (Form 6 Cover) (12/07)   **Blumberg**Excelsior, Inc., Publisher, NYC 10013

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Property Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I  -  Current Income of Individual Debtor(s)
Schedule J -  Current Expenditures of Individual Debtor(s)

Unsworn Declaration Under Penalty of Purjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of
any amendments thereto must contain a caption as in Form 16B.  Subsequent pages should be
identified with the debtor's name and case number.  If the schedules are filed with the petition,
the case number should be left blank.

Schedules D, E, and F have been designated for the listing of each claim only once.  Even
when a claim is secured only in part or entitled to priority only in part, it still should be listed
only once.
A claim which is secured in whole or in part should be listed on Schedule D only, and a claim
which is entitled to priority in whole or in part should be listed on Schedule E only.  Do not
list the same claim twice.  If a creditor has more than one claim, such as claims arising from
seperate transactions, each claim should be scheduled seperately.

Review the specific instructions for each schedule before completing the schedule.